UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

| | |
|---|---|
| PATRICK GUILLORY | REPORT |
| Plaintiff, | and |
| v. | RECOMMENDATION |
| | ----------------------------- |
| MAUREEN BOLL, Deputy Commissioner and | DECISION |
|   Counsel, Department of Corrections and | and |
|   Community Supervision, | ORDER |
| KATHLEEN WASHBURN, SR Mail Room | |
|   Supervisor, Southport Correctional Facility, and | 13-CV-00124S(F) |
| B. JOHNSTON, Lieutenant, Bare Hill Correctional | |
|   Facility, | |
| | |
| Defendants. | |

_____

APPEARANCES:     PATRICK GUILLORY, *Pro Se*
               09-B-0714
               Clinton Correctional Facility
               Box 2001
               Dannemora, New York  12929

               ERIC T. SCHNEIDERMAN
               Attorney General, State of New York
               Attorney for Defendants
               KATHLEEN M. KACZOR
               Assistant Attorney General, of Counsel
               350 Main Street
               Suite 300A
               Buffalo, New York  14202

## **JURISDICTION**

This case was referred to the undersigned by Honorable Richard J. Arcara on June 17, 2014, for all pretrial matters including preparation of a report and recommendation on dispositive motions.  The matter is presently before the court on Defendants' motion (Doc. No. 12), filed May 24, 2013, seeking to dismiss the action for

failure to state a claim, and Plaintiff's motion (Doc. No. 31), filed June 26, 2014, seeking leave to file an amended complaint.[1]

## BACKGROUND and FACTS[2]

Plaintiff Patrick Guillory ("Guillory" or "Plaintiff"), proceeding *pro se*, commenced this civil rights action pursuant to 42 U.S.C. § 1983 ("§ 1983"), on December 3, 2012, in the Northern District of New York alleging Defendants, all employees of New York State Department of Corrections and Community Supervision ("DOCCS"), committed acts against Plaintiff in violation of the Constitution.  Plaintiff named as Defendants Kathleen Washburn ("Washburn" or "Defendant"), Senior Mail Room Supervisor at Southport Correctional Facility ("Southport" or "the correctional facility"), DOCCS Deputy Commissioner Maureen Boll ("Boll"), and Bare Hill Correctional Facility ("Bare Hill") Lieutenant B. Johnston ("Johnston").  Because the claims Plaintiff asserted against Defendants Boll and Johnston arose out of Plaintiff's confinement in Bare Hill, located within the Northern District of New York, and the claims against Washburn arose out of Plaintiff's confinement in Southport, located within the Western District of New York, by order filed February 5, 2013 (Doc. No. 7), District Judge Frederick J. Scullin severed Plaintiff's claims against Washburn, and the case as against Washburn was transferred to the Western District of New York on February 7, 2013.

As relevant here, Plaintiff claims that while incarcerated at Southport, Washburn denied Plaintiff access to the court by intentionally destroying Plaintiff's legal mail.

---

[1] Although Defendants' motion to dismiss is dispositive, whereas Plaintiff's motion for leave to file an amended complaint is non-dispositive, both motions are addressed in this combined Report and Recommendation/Decision and Order in the interests of clarity and judicial economy.
[2] The Facts are taken from the pleadings and motion papers filed in this action.

Complaint § A.  In particular, Plaintiff maintains that on September 16, 2012, Plaintiff completed an "advance form" for the disbursement for postage to mail by certified mail, return receipt requested ("CMRRR"), as required under relevant New York law for filing an action with the New York Court of Claims ("Court of Claims").  Complaint ¶ 1.  Plaintiff's advance form was approved on September 21, 2012, and $ 5.05 was deducted from Plaintiff's prison account for the CMRRR.  *Id.* ¶ 2.  In a note dated September 26, 2012, Southport Deputy Superintendent of Programs Angela Bartlett ("Bartlett"), advised Plaintiff to be patient as Plaintiff had paid for CMRRR.  *Id.* ¶ 3.  On September 27, 2012, Plaintiff filed an inmate grievance against unidentified Southport mailroom employees and Washburn for refusing to provide Plaintiff with the CMRRR number.  *Id.* ¶ 4.  A decision by Southport's Inmate Grievance Committee issued on October 2, 2012 denying Plaintiff's grievance was upheld on October 4, 2012 by Southport Superintendent Thomas Griffin who further advised that Plaintiff's legal mail had been mailed.  *Id.* ¶ 5.

On November 19, 2012, New York State Assistant Attorney General Joan Matalavage ("Matalavage"), served an answer in Plaintiff's Court of Claims action asserted as an affirmative defense a jurisdictional defect based on Plaintiff's failure to serve the Attorney General by CMRRR, alleging Plaintiff had attempted service only by regular mail.  Complaint ¶ 6.  Plaintiff alleges this affirmative defense asserted by Matalavage constitutes an injury, *id.* ¶ 7, which Plaintiff attributes to a custom and policy maintained by Southport mailroom employees, including Washburn, to destroy any legal

mail submitted by any inmate intending to sue the state[3].  *Id.* ¶ 8.  Plaintiff further alleges he filed an inmate grievance against Washburn regarding the alleged destruction of his legal mail which denied Plaintiff access to the courts, *id.* ¶ 29, and that Washburn, by destroying Plaintiff's legal mail, retaliated against Plaintiff for filing the grievance.  *Id.* ¶ 32.

On May 24, 2013, Defendant filed the instant motion (Doc. No. 12) ("Defendant's Motion"), seeking to dismiss the Complaint pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim for which relief can be granted, and Defendant's Memorandum of Law in Support of the Motion to Dismiss (Doc. No. 13) ("Defendant's Memorandum").  In opposition to Defendant's Motion, Plaintiff filed on June 6, 2013 Objections to Defendant's Motion to Dismiss Filed May 24, 2013 (Doc. No. 16) ("Plaintiff's Response"), and, on June 19, 2013, the Supplemental Response to Defendant's Motion to Dismiss (Doc. No. 17) ("Plaintiff's Supplemental Response").[4]  In further support of Defendant's Motion, Defendant filed on July 11, 2013, Defendant's Reply Memorandum of Law in Support of the Motion to Dismiss (Doc. No. 19), and the Declaration of Assistant New York State Attorney General Kathleen M. Kaczor (Doc. No. 20) ("Kaczor Declaration").  With leave of the court, Plaintiff filed on August 7, 2013, the Affidavit of Patrick Guillory in Support of Plaintiff's Reply to Defendant's Reply (Doc. No. 24) ("Plaintiff's Sur-Reply").

On June 26, 2014, Plaintiff moved for leave to file an amended complaint (Doc. No. 31) ("Plaintiff's Motion").  On July 30, 2014, Defendant filed Defendant's

---

[3] Plaintiff does not allege that his legal mail was physically destroyed but, that by using an improper method for mailing, his legal mail was subject to dismissal thereby jeopardizing a lawsuit commenced against DOCCS officials and employees.  Complaint ¶ 32.
[4] For unexplained reasons, the first six pages of Plaintiff's Supplemental Response were re-filed on June 25, 2013 (Doc. No. 18).

Memorandum of Law in Opposition to Plaintiff's Motion to Amend (Doc. No. 35) ("Defendant's Memorandum – Motion to Amend").  In further support of Plaintiff's Motion, Plaintiff filed on August 4, 2014, a proposed amended complaint.  (Doc. No. 36) ("Proposed Amended Complaint").  Oral argument was deemed unnecessary.

Based on the following, Defendant's Motion seeking dismissal of the Complaint should be GRANTED; Plaintiff's Motion for leave to amend the Complaint is DENIED.

## **DISCUSSION**

Defendant moves to dismiss the Complaint for failure to state a claim arguing that because Plaintiff's legal mail commencing his Court of Claims action was received, Plaintiff has failed to allege and cannot establish the requisite injury for a First Amendment claim based on interference with access to the courts, Defendant's Memorandum at 5-7, and that insofar as Plaintiff claims Washburn retaliated against him for filing an inmate grievance against Washburn, such claim is threadbare and conclusory, requiring dismissal.  *Id.* at 7-10.  Defendant further argues Plaintiff has failed to allege the requisite personal involvement by Washburn in the asserted constitutional violation, *id.* at 10-11, that the claim against Washburn in her official capacity must be dismissed as barred by New York's sovereign immunity, *id.* at 11-12, and that the Complaint should be dismissed as a sanction for Plaintiff's willful misrepresentations regarding his statement of prior actions.  *Id.* at 12-15.

In opposing Defendant's Motion, Plaintiff first challenges Defendant's argument, Defendant's Memorandum at 12-15, that the Complaint should be dismissed to sanction Plaintiff for willfully failing to disclose all prior legal actions Plaintiff has commenced, including those alleging interference with legal mail claims similar to those asserted in

the instant action, and claims Plaintiff filed under another name, specifically, Timothy Hutton. Plaintiff's Response at 1-6. Plaintiff also argues Defendant failed to comply with Western District of New York Local Rule of Civil Procedure 7.1 requiring Defendant provide Plaintiff with a copy of all cases on which Defendant relies that are unpublished. *Id*. at 7-8. Plaintiff further maintains that dismissal of his Court of Claims action for failure to properly serve notice by CMRRR is still under consideration in the Court of Claims. *Id*. at 8-15. In his supplemental response, Plaintiff objects to Defendant's failure to file a declaration in support of Defendant's Motion seeking dismissal for failure to state a claim, asserting the filing of such declaration is "common practice" by New York State Assistant Attorney Generals. Plaintiff's Supplemental Response at 2-4.

In further support of dismissal, Defendant argues Plaintiff still has not, and cannot, allege the requisite injury attributed to the failure to mail Plaintiff's claim commencing his Court of Claims action by CMRRR because the affirmative defense raised by the State in Plaintiff's Court of Claims action asserting a jurisdictional defect based on improper service has been withdrawn, Defendant's Reply at 2-4; Kaczor Declaration Exh. A (July 1, 2013 Letter from AAG Matalavage to Plaintiff advising Matalavage is "withdrawing the affirmative defense(s) that relate [*sic*] to your failure to serve the Office of the Attorney General by certified mail, return receipt requested."), and Plaintiff's retaliation claim also fails inasmuch as Plaintiff alleges he filed an inmate grievance after the alleged harm on which the retaliation claim is based. *Id*. at 5. In further opposition to dismissal, Plaintiff attacks two of the cases on which Defendant relies in support of dismissal. Plaintiff's Sur-Reply at 2-5. Plaintiff also asserts, for the first time, in support of Plaintiff's retaliation claim, that he filed a grievance against

Washburn prior to completing, on September 16, 2012, the advance form requesting a disbursement of postage for sending legal mail by CMRRR, although Plaintiff states the date of such grievance as August 23, <u>2013</u>. *Id.* at 6-7 (underlining added). Plaintiff further questions AGA Matalavage's motivation in withdrawing the jurisdictional defect affirmative defense raised in the Court of Claims action. *Id.* at 7-8. Plaintiff acknowledges that his Court of Claims action has not been dismissed, *id.* at 8, yet challenges Defendant's assertion that even if Plaintiff's claim commencing the Court of Claims action was not mailed by CMRRR, Defendant's failure to properly send legal mail was not a one-time occurrence as Defendant has repeatedly failed to send legal mail by CMRRR. *Id.* at 8-12.

On a motion to dismiss under Fed.R.Civ.P. 12(b)(6) ("Rule 12(b)(6)"), the court looks to the four corners of the complaint and is required to accept the plaintiff's allegations as true and to construe those allegations in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Goldstein v. Pataki*, 516 F.3d 50, 56 (2d Cir. 2008) (court is required to liberally construe the complaint, accept as true all factual allegations in the complaint, and draw all reasonable inferences in the plaintiff's favor). The Supreme Court requires application of "a 'plausibility standard,' which is guided by '[t]wo working principles.'" *Harris v. Mills*, 572 F.3d 66, 71-72 (2d Cir. 2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "First, although 'a court must accept as true all of the allegations contained in a complaint,' that 'tenet' 'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris*, 572 F.3d at 72 (quoting *Iqbal*,

7

556 U.S. at 678). "'Second, only a complaint that states a plausible claim for relief survives a motion to dismiss,' and '[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim will have 'facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sykes v. Bank of America*, 723 F.3d 399, 403 (2d Cir. 2013) (quoting *Ashcroft*, 556 U.S. at 678); *see Twombly*, 550 U.S. at 570 (the complaint must plead "enough facts to state a claim to relief that is plausible on its face"). The factual allegations of the complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 570.

"'In adjudicating a motion to dismiss, a court may consider only the complaint, any written instrument attached, and any document upon which the complaint heavily relies.'" *ASARCO LLC v. Goodwin*, 756 F.3d 191, 198 (2d Cir. June 25, 2014) (quoting *In re Thelen LLP*, 736 F.3d 213, 219 (2d Cir. 2013)). Here, Plaintiff has not attached any documents to his Complaint, nor does resolution of Defendant's Motion seeking dismissal of the Complaint require reference to any document not incorporated into the Complaint. Nevertheless, a review of the Complaint establishes it should be dismissed

because Plaintiff has failed to allege, and cannot establish the requisite injury to support his claim that he was denied access to the courts in violation of the First Amendment.

Plaintiff brings this action pursuant to 42 U.S.C. § 1983, for which a valid claim requires the plaintiff "must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir. 1994)).  Here, Plaintiff's claim that Defendant failed to send his legal mail to the Court of Claim by CMRRR, as required under relevant New York law, *i.e.*, New York Gen. Mun. Law § 50-e, and New York Court of Claims Act § 11, violated his First Amendment right of access to the courts fails because Plaintiff has not alleged an actual injury based on such violation.

"It is settled that 'meaningful access to the courts is the touchstone' of the First Amendment as it pertains to litigation commenced by a prison inmate." *Ramsey v. Goord*, 661 F.Supp.2d 370, 401 (W.D.N.Y. 2009) (quoting *Bounds v. Smith*, 430 U.S. 817, 813 (1997) and citing *Monsky v. Moraghan*, 127 F.3d 243, 246 (2d Cir. 1997)). Nevertheless, "[i]n order to establish a violation of a right of access to courts, a plaintiff must demonstrate that a defendant caused 'actual injury,' *i.e.*, took or was responsible for actions that 'hindered [a plaintiff's] efforts to pursue a legal claim.'" *Monsky*, 127 F.3d 247 (quoting *Lewis v. Casey*, 518 U.S. 343, 350-51 (1996)).  Here, not only has Plaintiff failed to allege any actual injury based on the improper method of mail used to serve his Court of Claims action claim, such as that the action was dismissed for a jurisdictional defect in accordance with the affirmative defense initially raised by the

State, but Plaintiff cannot allege such injury because the affirmative defense of a jurisdictional defect based on improper service has been withdrawn, Defendant's Reply at 3; Kaczor Declaration Exh. A (July 1, 2013 Letter from AAG Matalavage to Plaintiff advising Matalavage is "withdrawing the affirmative defense(s) that relate [*sic*] to your failure to serve the Office of the Attorney General by certified mail, return receipt requested."), a fact acknowledged by Plaintiff, Plaintiff's Sur-Reply at 7 (observing Defendant is "'waiving' its smoking gun" affirmative defense of jurisdictional defect based on improper service), and 8 (acknowledging Plaintiff's Court of Claims action has not been dismissed). Accordingly, Plaintiff's First Amendment claim alleging interference with Plaintiff's access to courts fails to state a claim for which relief can be granted.

Insofar as Plaintiff's claim against Defendant Washburn can be construed as a First Amendment retaliation claim, "to establish a First Amendment retaliation claim, plaintiff must show (1) that he engaged in constitutionally protected speech or conduct, (2) that defendants took adverse action against him, and (3) that there was a causal connection between the protected activity and the adverse action." *Dolberry v. Levine*, 567 F.Supp.2d 413, 420 (W.D.N.Y. 2008) (citing *Dawes v. Walker*, 239 F.3d 489, 492 (2d Cir. 2001), *overruled on other grounds by Swierkiewicz v. Sorema N.A.*, 534 U.S. 506 (2002)). Here, Plaintiff has failed to sufficiently allege the second prong of a First Amendment retaliation claim. Specifically, Plaintiff's submitting for CMRRR his Court of Claims action qualifies as protected activity under the First Amendment. Although the Complaint does not contain the date on which Plaintiff allegedly filed a grievance against Washburn and Southport's mailroom staff, Complaint ¶ 29, assuming,

*arguendo*, such grievance was filed in close temporal proximity to Defendant's alleged failure to send Plaintiff's Court of Claims claim by CMRRR so as to interfere with Plaintiff's pursuit of such legal claim, Plaintiff has failed to allege that such conduct "would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights. . . ." *Dawes*, 239 F.3d 493. As such, Plaintiff has alleged nothing more than a "*de minimis*" retaliatory act that is "outside the ambit of constitutional protection." *Id*. Accordingly, Plaintiff's First Amendment retaliation claim must also be dismissed.

Because the court is recommending the Complaint be dismissed for failure to state a claim based on the complete absence of any requisite injury and factual implausibility, Defendant's remaining arguments in support of dismissal are not addressed.

Nor does the Proposed Amended Complaint Plaintiff belatedly filed in support of Plaintiff's Motion seeking leave to file an amended complaint cure these threshold deficiencies of the Complaint; rather, the Proposed Amended Complaint seeks to add new factual allegations regarding a denial of sick call, failure to order X-rays, and failure to take photographs of a black eye sustained by Plaintiff, and that his mail is still being destroyed. Fed.R.Civ.P. 15 provides that leave to amend a pleading "shall be freely granted when justice so requires." An amended pleading may be filed pursuant to Fed.R.Civ.P. 15(a) where the new allegations do not unduly prejudice an opponent, are not the result of undue delay or bad faith, and are not futile. *Foman v. Davis*, 371 U.S. 178, 181 (1962). Absent a showing that significant additional discovery burdens will be incurred or that the trial of the matter will be significantly delayed, amendment should be

permitted. *Block v. First Blood Associates,* 988 F. 2d 344, 350 (2d Cir. 1993). Where, however, a requested pleading amendment is futile, "it is not an abuse of discretion to deny leave to amend" to the moving party. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir.1993). An amendment is futile "if the proposed amended [pleading] would be subject to 'immediate dismissal' for failure to state a claim or on some other ground." *Jones v. New York Div. of Military & Naval Affairs*, 166 F.3d 45, 55 (2d Cir.1999). In the instant case, Plaintiff's motion to amend is DENIED as futile.

  Specifically, insofar as Plaintiff seeks leave to replead the factual allegations regarding the use of regular mail rather than CMRRR to send Plaintiff's Court of Claims claim, the Proposed Amended Complaint fails to allege the requisite injury for such a First Amendment access to courts claim and, as discussed, Discussion, *supra*, at 10, it cannot cure such defect because the affirmative defense of jurisdictional defect based on improper service of the claim was withdrawn. Nor does the Proposed Amended Complaint cure the defect in Plaintiff's First Amendment retaliation claim, *i.e.*, that Defendant's use of an incorrect method for sending Plaintiff's claim to the Court of Claims could not have been in retaliation for Plaintiff's filing an inmate grievance against Plaintiff because Plaintiff has not alleged that such conduct deterred Plaintiff from further exercising his First Amendment rights. *See* Discussion, *supra*, at 11. In fact, the Proposed Amended Complaint asserts that despite the alleged retaliatory conduct, Plaintiff continues to file inmate grievances, including against Defendant Washburn. Proposed Amended Complaint at 1. Thus, to the extent the claims against Washburn as asserted in the Complaint are reasserted in the Proposed Amended Complaint, the claims would be subject to dismissal as futile. *See Dolce v. Suffolk County*, 2014 WL

12

655371, at * 6 (E.D.N.Y. Feb. 20, 2014) (denying to grant *pro se* inmate plaintiff leave to file amended complaint where "any amended complaint would fail because plaintiff did not exhaust administrative remedies." (citing *Jones v. Bock*, 549 U.S. 199, 211 (2007)).

Furthermore, insofar as Plaintiff seeks to assert new claims against new defendants not sued in the Complaint, including Kruser, Hourihan, and Chemung District Attorney Weeder Wetmore, Proposed Amended Complaint at 1, the remaining claims Plaintiff seeks to assert are derived from a different set of facts of which the original complaint does not give notice such that permitting the filing of the proposed amended complaint would prejudice Defendant. *See Smith v. Cadbury Beverages, Inc.*, 942 F.Supp. 150, 160 (W.D.N.Y. 1996) (denying as highly prejudicial to defendant motion to file amended complaint asserting new claims "based upon different factual circumstances" and largely requiring application of different law such that permitting amendment "essentially would open up an entirely new lawsuit."). Significantly, the denial of a motion to amend is not an abuse of discretion where permitting the amendment would result in prejudice to the opposing party. *Ansam Associates, Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985) (although leave to amend generally is freely given, court is required to consider any prejudice that might result to party opposing amendment).

Because Plaintiff's proposed amended complaint would not cure the defects in the original Complaint as against Defendant Washburn, but essentially would commence an entirely new lawsuit, leave to file an amended complaint is DENIED. Additionally, given the factual implausibility of Plaintiff's claims asserted in the Complaint against Washburn, as further demonstrated by the Proposed Amended

Complaint, the dismissal of Plaintiff's Complaint should be with prejudice and without leave to amend. *See Branum v. Clark*, 927 F.2d 698, 705 (2d Cir. 1991) (citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

## **CONCLUSION**

Based on the foregoing, Defendant's Motion (Doc. No. 12), seeking to dismiss the Complaint for failure to state a claim should be GRANTED; Plaintiff's Motion (Doc. No. 31) for leave to file an amended complaint is DENIED.

SO ORDERED, as to Plaintiff's Motion
seeking leave to file an amended complaint.

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

Respectfully submitted, as to Defendant's Motion
to dismiss the Complaint for failure to state a claim,

/s/ *Leslie G. Foschio*

_____
LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:     September 25, 2014
           Buffalo, New York

**ORDERED** that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this Report and Recommendation in accordance with the above statute, Rules 72(b), 6(a) and 6(d) of the Federal Rules of Civil Procedure and Local Rule 72.3.

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Limited*, 838 F.2d 55 (2d Cir. 1988).

Let the Clerk send a copy of this Report and Recommendation to the attorneys for the Plaintiff and the Defendants.

SO ORDERED.

/s/ *Leslie G. Foschio*

_____

LESLIE G. FOSCHIO
UNITED STATES MAGISTRATE JUDGE

DATED:   September 25, 2014
         Buffalo, New York