UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

PATRICK GUILLORY,

                Plaintiff,

    v.                                    **DECISION AND ORDER**
                                            13-CV-124S(F)

KATHLEEN WASHBURN,

                Defendant.

1. Plaintiff commenced this civil rights action pursuant to 42 U.S.C. § 1983 *pro se* in December 2012 in the Northern District of New York. In February 2013, his claims against the present Defendant, Kathleen Washburn, were transferred to this Court. Defendant moved to dismiss the complaint for failure to state a claim on May 24, 2013. In response, Plaintiff moved June 26, 2014, to file an amended complaint.

2. On June 17, 2014, this matter was referred to the Honorable Leslie G. Foschio, United States Magistrate Judge, to oversee all pre-trial matters and to hear and file a report and recommendation containing findings of fact, conclusions of law and a recommended disposition of any dispositive motions pursuant to 28 U.S.C. § 636(b)(1)(B) and (C).

3. In a Report, Recommendation and Order dated September 25, 2014, Judge Foschio recommended that Defendant's motion be granted because Plaintiff

failed to state a plausible denial of access to court claim or a First Amendment retaliation claim. The Magistrate Judge also denied Plaintiff's motion for leave to file an amended complant. Pursuant to 28 U.S.C. § 636(b)(1)(C), any party may serve and file written objections to a report and recommendation of a magistrate judge within fourteen days after being served with a copy. Local Rule of Civil Procedure 72(b) further requires that written objections to a magistrate judge's report "shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." After *de novo* review of those portions of the report and recommendation to which proper objections are made, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." See 28 U.S.C. § 636(b)(1)(C); United States v. Gardin, 451 F. Supp. 2d 504, 506 (W.D.N.Y. 2006). Additionally, a magistrate judge's order on a pretrial matter within his or her purview will be reconsidered by the district judge only when it has been established that it is clearly erroneous or contrary to law. See 28 U.S.C. § 636(b)(1)(A). Plaintiff timely filed objections to Judge Foschio's Report, Recommendation, and Order on October 9, 2014.

4. Plaintiff's first objection is that Defendant violated Local Rule of Civil Procedure 7(a)(8) because, as he was proceeding *pro se*, Defendant was required but failed to provide him as required copies of unpublished decisions on which she relied. As Defendant argues, however, those decisions were provided. (Docket Nos. 20, 35-1.)

Although several of those decisions were submitted with Defendant's reply papers, Plaintiff was subsequently afforded an opportunity to file an additional response.

5.   Plaintiff next argues that Judge Foschio applied the wrong standard in dismissing his retaliation claim.  The Report and Recommendation correctly states, however, that the issue is whether Defendant's alleged conduct would have deterred a person of ordinary firmness from filing a grievance, not whether Plaintiff himself was deterred. (Docket No. 38 at 11); see Gill v. Pidlypchak, 389 F.3d 379, 381 (2d Cir. 2004); Dawes v. Walker, 239 F.3d 489, 493 (2d Cir. 2001) *overruled on other grounds*, Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002). Although the Magistrate Judge highlights that Plaintiff himself continued to file grievances,  this Court agrees with Judge Foschio's conclusion that the retaliation allegations in the Complaint and proposed Amended Complaint – the most specific of which is that Defendant improperly withheld $5.05 paid by Plaintiff for certified mail service which was later returned to him – are *de minimis* and therefore outside the scope of constitutional protection.   See Dawes, 239 F.3d at 492-93.

6.   Finally, contrary to Plaintiff's third and final objection, Judge Foschio correctly concluded that because Plaintiff's proposed Amended Complaint would not cure the defects in the original complaint as against the only currently named Defendant, granting leave to file an amended complaint would essentially commence an entirely new lawsuit.  See Smith v. Cadbury Beverages, 942 F. Supp. 150, 160

(W.D.N.Y. 1996), *aff'd* 116 F. 3d 466 (2d Cir. 1997).  Plaintiff's objection to the Magistrate Judge's order denying leave to amend is therefore denied.[1]

    IT HEREBY IS ORDERED, that Judge Foschio's Report and Recommendation (Docket No. 38) is ACCEPTED;

    FURTHER, that Plaintiff's Objections to the Report and the Order (Docket No. 40) are DENIED;

    FURTHER, that Defendant's Motion to Dismiss the Complaint (Docket No. 12) is GRANTED and the Complaint is dismissed;

    FURTHER, that the Clerk of the Court shall close this case.

    SO ORDERED.

Dated:   November 21, 2014
          Buffalo, New York

                                      /s/William M. Skretny
                                      WILLIAM M. SKRETNY
                                      Chief Judge
                                      United States District Court

---

[1] The same conclusion is reached whether or not the denial of leave in this case is considered dispositive or non-dispositive. See Rubin v. Valicenti Advisory Servs., 471 F. Supp. 2d 329, 333-34 (W.D.N.Y. 2007) (generally, a motion to amend a pleading is non-dispositive); see also Pusey v. Delta Airlines, No. 09-CV-4084 (ENV)(JO), 2011 WL 1215081, *1 (E.D.N.Y. Mar. 30, 2011) (a denial of leave to amend based on futility warrants de novo review).